**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danielle M. Dyer, )<br>        Plaintiff, )<br>v. )<br>Dirty World, LLC, )<br>        Defendant. )<br>_____ ) | No. CV-11-0074-PHX-SMM<br>**MEMORANDUM OF DECISION AND ORDER** |

Before the Court is Defendant Dirty World LLC's ("Defendant") Motion for Summary Judgment (Doc. 11). Also pending is Plaintiff Danielle M. Dyer's ("Plaintiff") Motion to Defer Ruling on Defendant's Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56(d) (Doc. 14 at 14-15). Both matters are now fully briefed. (Doc. 14, 19.)[1] Having considered the parties' memoranda and other submissions, the Court now issues this Memorandum of Decision and Order granting Defendant's Motion for Summary Judgment and denying Plaintiff's Motion to Defer.

---

[1] Neither Defendant nor Plaintiff requested oral argument in connection with their Motion for Summary Judgment and Motion to Defer (Docs. 11, 14). Accordingly, the Court finds the pending motions suitable for decision without oral argument. See L.R. Civ. 7.2(f).

**BACKGROUND**

Defendant operates a website called www.TheDirty.com ("Defendant's website"). (Doc. 12 ¶ 1; Doc. 15 ¶ 1.) Founded in 2007 by current editor-in-chief Nic Lamas-Richie ("Mr. Richie"), Defendant's website grew from its origins as a chronicler of nightlife in Scottsdale, Arizona to a forum for users to post images and text–referred to as "dirt"–about themselves and others to be scrutinized. (Doc. 12 ¶¶ 2-5; Doc. 15 ¶¶ 2-5.) Users can post under several categories, including one entitled "Would You," which Defendant characterizes as a request by the user for Mr. Richie's opinion on whether he would "date th[e] person" depicted in the posted image. (Doc. 12 ¶ 9.) To provide some measure of privacy, Mr. Richie typically reviews each submission before publication and redacts some portion of the name of the person depicted. (Doc. 12 ¶¶ 11-12; Doc. 15 ¶¶ 11-12.)

Plaintiff was the unwitting subject of a posting allegedly submitted in the "Would You" category by her ex-boyfriend on August 10, 2010. (Doc. 12 ¶¶ 14-15; Doc. 15 ¶¶ 14-15.) The ex-boyfriend, who is not a party in this case, alleged in the submission that Plaintiff, whose name was redacted to read "Danie*le D***r", "gave me and my buddy the clap while she was sleeping around with us." (Doc. 12 ¶¶ 16-17; Doc. 15 ¶¶ 16-17.) The submission included two photographs of Plaintiff posing in a bikini in front of a mirror. (Doc. 12 ¶ 17; Doc. 15 ¶ 17.) Mr. Richie posted a response to the submission in the "Would You" category, stating: "No it looks like she just had a baby, and if a girl is willing to take 2 guys on then I suggest you use a rubber." (Doc. 12 ¶ 18; Doc. 15 ¶ 18.) The submission was later removed from Defendant's website at Plaintiff's request. (Doc. 12 ¶ 19; Doc. 15 ¶ 19.)

On January 10, 2011, Plaintiff brought suit alleging that Defendant was responsible for Mr. Richie's comments on Defendant's website that constituted: (1) public disclosure of private facts and (2) placing Plaintiff in a false light. (Doc. 1.) On April 15, 2011 Defendant filed a Motion for Summary Judgment on both of Plaintiff's claims. (Doc. 11.) Defendant contends both that Mr. Richie's statements are non-actionable opinions under the First Amendment and that Defendant is immune to Plaintiff's claims under the Communications

1  Decency Act ("CDA"), 47 U.S.C. § 230. (Doc. 11 at 6-14.) Plaintiff contends that Mr.
2  Richie's statements are not protected by the First Amendment, that Defendant is not immune
3  under the CDA, that Missouri rather than Arizona law applies to this action, and that this
4  Court should defer ruling on summary judgment pursuant to Federal Rule of Civil Procedure
5  56(d). (Doc. 14 at 4-15.)

## LEGAL STANDARD

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Jesinger v. Nev. Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). Substantive law determines which facts are material. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Jesinger, 24 F.3d at 1130. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. The dispute must also be genuine, that is, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." Id.; see Jesinger, 24 F.3d at 1130.

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." Celotex, 477 U.S. at 323-24. Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case as to which that party will bear the burden of proof at trial." Id. at 322; see also Citadel Holding Corp. v. Roven, 26 F.3d 960, 964 (9th Cir. 1994). The moving party need not disprove matters on which the opponent has the burden of proof at trial. See Celotex, 477 U.S. at 323-24. The party opposing summary judgment need not produce evidence "in a form that would be admissible at trial in order to avoid summary judgment." Id. at 324. However, the nonmovant must set out specific facts showing a genuine

dispute for trial. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-88 (1986); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995).

## DISCUSSION

**I.     Plaintiff's Choice of Law Argument**

In diversity cases, district courts in Arizona must look to Arizona's choice-of-law rules. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). Arizona courts apply the Restatement (Second) on Conflict of Laws (the "Restatement") to determine the applicable choice of law in torts cases. Bates v. Super. Ct., 749 P.2d 1367, 1369-70 (Ariz. 1988). In determining whether Arizona or Missouri law applies to this tort action, the Court will look to which state "has the most significant relationship to the occurrence and the parties under the principles stated in § 6." Restatement (Second) Conflict of Laws § 145(1). When applying the principles of § 6 to torts cases, the Court should consider the following factors: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." Id. § 145(2). "These contacts are to be evaluated according to their relative importance with respect to the particular issue." Id. The most important factor when considering the most significant relationship in cases involving multi-state invasion of privacy is "usually the state where the plaintiff was domiciled at the time if the matter complained of was published in that state." Id. § 153; see also Crane v. Carr, 814 F.2d 758, 760 (D.C. Cir. 1987) ("[L]ibel and 'false light,' are the kind [of claims] in which the injury, foreseeably, is felt with greatest force in the place where the plaintiff lives.").

Given the Restatement's preference for applying the law of the plaintiff's domicile and the facts of this case, the Court will apply Missouri law. Factor (d) provides no guidance because the parties have no relationship beyond the photographs of and statements about Plaintiff posted on Defendant's website. As to factor (b), Arizona is the place of conduct, because Plaintiff's alleged injury stems from comments Mr. Ritchie made after Plaintiff's

- 4 -

1  photographs were posted on Defendant's website. Most important is factor (c), as Plaintiff
2  resides in Missouri, and § 153 states that Plaintiff's domicile typically determines which state
3  has the most significant relationship to the occurrence. Factor (a) provides further support
4  for Missouri as the state with the most significant relationship, because Plaintiff's state of
5  residence is the place where the alleged injury would be felt most acutely.

**II.     Plaintiff's Claims for Relief**

**A.     Public Disclosure of Private Facts**

Missouri law defines the tort of public disclosure of private facts as "(1) publication or publicity, (2) absent any waiver or privilege, (3) of private matters in which the public has no legitimate concern, (4) so as to bring shame or humiliation to a person of ordinary sensibilities." Childs v. Williams, 825 S.W.2d 4, 7 (Mo. Ct. App. 1992) (quoting Y.G. v. Jewish Hosp. of St. Louis, 795 S.W.2d 488 (Mo. Ct. App. 1990) (citing Restatement (Second) of Torts § 652D)). The tort of public disclosure of private facts applies only to true facts. Restatement (Second) of Torts § 652D. Here, Plaintiff fails to state a claim for public disclosure of private facts because Plaintiff fails to allege that Defendant revealed any private truths about her. Rather, Plaintiff alleges that the statements posted on Defendant's website were fabricated by Mr. Richie. (Doc. 1 at 2-4.) Because there are no facts, private or otherwise, disclosed, the Court will grant summary judgment on Plaintiff's claim for private disclosure of public facts.

Even if Arizona law applied to this case the outcome on summary judgment for this cause of action would remain the same. Under Arizona law, a claim for public disclosure of private facts occurs when one gives publicity to a matter in another's public life if the matter publicized "(a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public." Restatement (Second) of Torts § 652D; see Rutledge v. Phx. Newspapers, Inc., 715 P.2d 1243, 1245 (Ariz. Ct. App. 1986), overruled on other grounds by Godbehere v. Phx. Newspapers, Inc., 783 P.2d 781 (Ariz. 1989). Again, only true

- 5 -

statements qualify as facts under this tort, and Plaintiff fails to allege that Defendant revealed any private truths about her. Restatement (Second) of Torts § 652D.

**B.     False Light**

The Missouri Supreme Court has declined to recognize the tort of false light invasion of privacy in cases where a Plaintiff seeks to recover for allegedly "untrue statements that cause injury to reputation." Nazeri v. Mo. Valley Coll., 860 S.W.2d 303, 317 (Mo. 1993) (finding that claims alleging untrue statements are properly brought as defamation actions); Sullivan v. Pulitzer Broad. Co., 709 S.W.2d 475 (Mo. 1986) (same). The Missouri Supreme Court recognized just two situations where it might recognize the tort of false light: (1) when defendant publicly attributes to plaintiff an opinion or utterance that is false and (2) when one uses another's likeness in connection with a story unrelated to plaintiff, such as if a defendant published a picture of a plaintiff next to a news story that had no relation to the plaintiff. Sullivan, 709 S.W.2d at 480. Neither of these scenarios applies to this case, in which Mr. Ritchie is alleged to have made untrue statements about Plaintiff. Therefore, because Missouri would not recognize Plaintiff's false light invasion of privacy claim, the Court will grant summary judgment.[2]

Even if Arizona law applied the Court would still grant summary judgment. Under Arizona law, a claim for false light invasion of privacy exists where a person who gives publicity to a matter concerning another person (1) places the other person before the public in a false light that would be highly offensive to a reasonable person; and (2) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the

---

[2] Because the Court has granted summary judgment on Plaintiff's public disclosure of private facts and false light invasion of privacy claims, it need not decide whether Plaintiff's claims are barred by 47 U.S.C. § 230 of the CDA, which immunizes providers of interactive computer services against liability stemming from content created by third parties. 47 U.S.C. § 230 ("No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider.")

- 6 -

false light in which the other would be placed. Hart v. Seven Resorts Inc., 947 P.2d 846, 854 (Ariz. Ct. App. 1997) (quoting Restatement (Second) of Torts § 652E); Godbehere v. Phx. Newspapers, Inc., 783 P.2d 781, 786 (Ariz. 1989) ("False light invasion of privacy . . . protects against the conduct of knowingly or recklessly publishing false information or innuendo that a 'reasonable person' would find 'highly offensive.'").

Defendant asserts that the statements at issue are non-actionable opinions protected by the First Amendment. (Doc. 11 at 6.) "[S]tatements that cannot reasonably be interpreted as stating actual facts about an individual are protected" by the First Amendment. Milkovich v. Lorain Journal Co., 497 U.S. 1, 22 (1990). If "a reasonable factfinder could conclude that the contested statement 'impl[ies] an assertion of objective fact,'" then the statement is not protected by the First Amendment. Unelco Corp. v. Rooney, 912 F.2d 1049, 1053 (9th Cir. 1990) (quoting Milkovich, 497 U.S. at 18). The three-part test used in making this determination is: (1) whether the general tenor of the entire work negates the impression that the defendant was asserting an objective fact, (2) whether the defendant used figurative or hyperbolic language that negates the impression, and (3) whether the statement in question is susceptible of being proved true or false. Id. Here, Plaintiff's false light claim (Doc. 1 at 4) cannot survive summary judgment because the context in which the contested statements appeared on Defendant's website do not imply the assertion of an objective fact.

First, the Court finds that the general tenor of Defendant's website makes clear that the two statements at issue represent Mr. Ritchie's personal viewpoint, rather than an assertion of fact. See Partington v. Bugliosi, 56 F.3d 1147, 1152-53 (9th Cir. 1995). No reasonable viewer of Defendant's website would conclude that Mr. Ritchie's comments represented anything but the author's highly subjective opinion about Plaintiff. See Madea v. N.Y. Times Co., 22 F.3d 310, 315 (D.C. Cir. 1994) (stating that critical analysis should be evaluated "with an eye toward readers' expectations and understandings [of it]"). Second, the statements at issue on Defendant's website employed figurative language that negated any impression that the statements were objectively true. See Unelco Corp., 912 F.2d at

- 7 -

1053. Statements about what Plaintiff "looks like" and crude advice regarding a situation where a female is dating two males are not literal statements about Plaintiff that could be construed as a declaration of objective fact. Third, Mr. Ritchie's statements are not susceptible to being proved true or false. There is no objective standard for what someone who just had a baby looks like or for Mr. Ritchie's insight on how one should treat women who date two men simultaneously. The statements at issue on Defendant's website constitute opinions, albeit rude opinions, that can not form the basis of a claim for false light invasion of privacy. Therefore, the Court would grant summary judgment on Plaintiff's false light claim under Arizona law. Celotex, 477 U.S. at 323-24.

### III.    Plantiff's Rule 56(d) Motion

Plaintiff requests that the Court defer ruling on Defendant's Motion for Summary Judgment (Doc. 11) pursuant to Rule 56(d). (Doc. 14 at 14.) Rule 56(d) permits the Court to allow a nonmovant time for discovery where the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The Court may postpone ruling on a motion for summary judgment and allow time for discovery if: "(1) [the requesting party] has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008).

Plaintiff's position is insufficient under Rule 56(d). Plaintiff has failed to produce any affidavit in relation to its Rule 56(d) motion and instead has inserted her assertions in the Response to Defendant's Statement of Facts (Doc. 15). Even if Plaintiff's request had been accompanied by the affidavit required by Rule 56(d), it would be denied. Plaintiff has not adequately described the specific facts that she would uncover through additional discovery or explained how additional discovery would enable her to defeat Defendant's Motion for Summary Judgment. Plaintiff's tort allegations regarding Mr. Ritchie's statements posted on Defendant's website fail as a matter of law because they do not correspond to the elements

of the alleged causes of action. Additional discovery could fix Plaintiff's defective complaint. Therefore, the Court will deny Plaintiff's Motion.

## CONCLUSION

**IT IS HEREBY ORDERED GRANTING** Defendant's Motion for Summary Judgment (Doc. 11).

**IT IS FURTHER ORDERED DENYING** Plaintiff's Rule 56(d) Motion (Doc. 14).

DATED this 2nd day of June, 2011.

Stephen M. McNamee
United States District Judge

- 9 -